
ENVER W. PAINTER, JR., ESQ. 2525
Attorney at Law
1188 Bishop Street, Suite 2505
Honolulu, Hawaii 96813
Telephone: (808) 537-9777

Special Counsel for Trustee
DANE S. FIELD

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re:<br>MAUI INDUSTRIAL LOAN & FINANCE COMPANY, INC.<br>Debtor. | Case No. 10-BK-00235<br>Chapter 7<br><br>**10-90069**<br>Adv. Proc. No. 10-AD-900 _____ |
| DANE S. FIELD, Trustee<br><br>Plaintiff,<br><br>vs.<br><br>RNI-NV LIMITED PARTNERSHIP, a Nevada Limited Partnership and MAUI INDUSTRIAL LOAN & FINANCE COMPANY, INC., a Hawaii Corporation.<br><br>Defendants. | COMPLAINT AND SUMMONS |

## COMPLAINT

COMES NOW DANE S. FIELD, Trustee of the above-named Debtor herein, by and through his attorney, the undersigned, and for complaint against above-named Defendants, RNI-NV LIMITED PARTNERSHIP, a Nevada Limited Partnership and MAUI INDUSTRIAL LOAN AND FINANCE COMPANY, INC., alleges as follows:

1.   Defendant RNI-NV LIMITED PARTNERSHIP, (RNI) is a Nevada Limited Partnership.

2.   Defendant MAUI INDUSTRIAL LOAN & FINANCE COMPANY, INC., dba Maui Finance Company ("MFC") is a corporation existing under the law of the State of Hawaii with it principal place of business located within the State of Hawaii.

3.   On January 28, 2010 MFC filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the District of Hawaii, whereupon an order for relief was entered.

4.   Dane S. Field ("Plaintiff") was appointed Trustee of the estate of Debtor, in which capacity he brings this action.

5.   Plaintiff brings this action under 11 U.S.C., §§ 544, 548, 550 and Chapters 414 (Hawaii Business Corporations Act) and 651C (Uniform Fraudulent Transfer Act) of the Hawaii Revised Statutes.

6.   The Court has jurisdiction of this action under 28 U.S.C., § 1334, and this action constitutes a core proceeding pursuant to 28 U.S.C. § 157.

## COUNT I
### Violation of the Hawaii Business Corporation Act

7.   Plaintiff realleges the allegations contained in paragraphs 1-6 above.

8.   At all times relevant herein RNI owned 171,571 shares of the authorized and issued common stock of MFC.

9.   In May of 2007 RNI demanded that MFC buy back its 171,571

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 2   Filed 04/21/10   Page 2 of 9

shares of MFC common stock.

10. On or about October 8, 2007, RNI and MFC entered into a Stock Redemption Agreement whereby MFC agreed to purchase from RNI the aforesaid 171,517 shares of MFC stock for a purchase price of $2,500,000.

11. On or about October 8, 2007, in furtherance of the Stock Redemption Agreement, MFC executed a Promissory Note in favor of RNI in the principle amount of $2,500,000.

12. MFC was insolvent on October 8, 2007.

13. As a result of the October 8, 2007 Stock Redemption Agreement and/or Promissory Note, MFC was not able to pay its debts as they became due in the usual course of business or its total assets were less then the sum of its total liabilities.

14. On or about November 1, 2007, MFC made a "distribution" to RNI in the amount of $200,000 in violation of HRS §414-111, in that the distribution rendered MFC insolvent, unable to pay its debts as they became due in the usual course of business or resulted in its total assets being less then the sum of its total liabilities.

15. On or about July 2, 2008, MFC made a "distribution" to RNI in the amount of $100,000 in violation of HRS §414-111, in that the distribution rendered MFC insolvent, unable to pay its debts as they became due in the usual course of business or resulted in its total assets being less then the sum of its total liabilities.

16. On or about Jule 7, 2008, MFC made a "distribution" to RNI in the amount

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 2   Filed 04/21/10   Page 3 of 9

of $40,000 in violation of HRS §414-111, in that the distribution rendered MFC insolvent, unable to pay its debts as they became due in the usual course of business or resulted in its total assets being less then the sum of its total liabilities.

17. On or about July 15, 2008, MFC made a "distribution" to RNI in the amount of $100,000 in violation of HRS §414-111, in that the distribution rendered MFC insolvent, unable to pay its debts as they became due in the usual course of business or resulted in its total assets being less then the sum of its total liabilities.

18. On or about July 31, 2008, MFC made a "distribution" to RNI in the amount of $100,000 in violation of HRS §414-111, in that the distribution rendered MFC insolvent, unable to pay its debts as they became due in the usual course of business or resulted in its total assets being less then the sum of its total liabilities.

19. On or about October 1, 2008, MFC made a "distribution" to RNI in the amount of $200,000 in violation of HRS §414-111, in that the distribution rendered MFC insolvent, unable to pay its debts as they became due in the usual course of business or resulted in its total assets being less then the sum of its total liabilities.

20. On or about October 9, 2008, MFC made a "distribution" to RNI in the amount of $300,000 in violation of HRS §414-111, in that the distribution rendered MFC insolvent, unable to pay its debts as they became due in the usual course of business or resulted in its total assets being less then the sum of its total liabilities.

21. As a result of the aforesaid Stock Redemption Agreement and "distributions"

U.S. Bankruptcy Court - Hawaii  #10-90069  Dkt # 2  Filed 04/21/10  Page 4 of 9

each made in violation of HRS §414-111, Plaintiff is entitled to Judgment rescinding the aforesaid Stock Redemption Agreement and requiring RNI to return to Plaintiff all monies paid to RNI pursuant to the Stock Redemption Agreement.

22. As a result of the aforesaid "distributions" each made in violation of HRS §414-111, Plaintiff is entitled to Judgment in his favor and against RNI in the amount of $1,040,000 plus interest accrued and accruing thereon to the date of Judgment.

## COUNT II

### Violation of Uniform Fraudulent Transfers Act

23. Plaintiff realleges the allegations contained in paragraphs 1-22 above.

24. At all times relevant herein, MFC's conduct of its "business" was in violation of the non depository nature of the business it was authorized to conduct by the State of Hawaii.

25. To avoid the non depository nature of its authorized business, MFC characterized the funds it received as loans and issued promissory notes to evidence it's obligation to repay same.

26. MFC did not generate business income sufficient to repay its promissory note obligations as they became due. MFC therefore subsequently borrowed additional monies and used those monies to pay its antecedent promissory note obligations.

27. For a substantial number of years prior the Stock Redemption Agreement, MFC's "business" was the conduct of a Ponzi scheme.

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 2   Filed  04/21/10   Page 5 of 9

28. The "distributions" made by MFC to RNI as alleged in paragraphs 14, 15, 16, 17, 18, 19 and 20 above were made with the actual intent to hinder, delay or defraud MFC's past, present and future creditors, were made for no consideration or without receiving a reasonably equivalent value in exchange for the distribution and/or transfer, and MFC was insolvent or became insolvent as a result of the distribution and/or transfer, or intended to incur debts that were beyond its ability to pay as they matured.

29. The above alleged distributions and/or transfer from MFC to RNI in the aggregate amount of $1,040,000 were fraudulent transfers under the provisions of the Hawaii Uniform Fraudulent Transfer Act, Hawaii Revised Statutes § 651C-4 and/or § 651C-5, and as such should be set aside.

30. Pursuant to 11 U.S.C., § 544, Plaintiff has the rights of certain creditors of the Debtor, MFC and may thereby void the distributions and/or transfers as fraudulent transfer under the Hawaii Uniform Fraudulent Transfer Act.

31. Said transfers should be set aside as voidable fraudulent transfers pursuant to 11 U.S.C., § 544 and Chapter 651-C, Hawaii Revised Statutes.

## COUNT III

### Fraudulent Transfers and Obligations ( 11 U.S.C., § 548)

32. Plaintiff realleges the allegations contained in paragraphs 1-31 above.

33. The above alleged Stock Redemption Agreement and distributions and/or transfers from MFC to RNI in the aggregate amount of $1,040,000 were fraudulent

U.S. Bankruptcy Court - Hawaii    #10-90069    Dkt # 2    Filed  04/21/10    Page 6 of 9

transfers and/or obligations pursuant to 11 U.S.C., § 548 and as such should be set aside.

## COUNT IV

### Transferee Liability (11 U.S.C., § 550)

34. Plaintiff realleges the allegations contained in paragraphs 1-33 above.

35. Plaintiff is entitle to recover from RNI all monies paid or otherwise transferred to RNI as provided for by 11 U.S.C., § 550.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For Judgment against RNI in the amount of all "disbursements" made by MFC to RNI pursuant to the Stock Redemption Agreement, including interest thereon at the legal rate from the date of the "disbursement" to the date of entry of Judgment.

2. The Court award Plaintiff his fees and costs herein against RNI and grant such other relief as it deems just and equitable.

DATED: Honolulu, Hawaii, April 19, 2010.

_____
ENVER W. PAINTER, JR.
Special Counsel for Trustee
DANE S. FIELD

-7-

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 2   Filed 04/21/10   Page 7 of 9

| B104 (Form 104) (08/07), Page 1 | | |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | **ADVERSARY PROCEEDING NO.** 10-90069 |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| DANE S. FILELD, Trustee | RNI-NV LIMITED PARTNERSHIP, a Nevada Limited Partnership and MAUI INDUSTRIAL LOAN & FINANCE COMPANY, INC., a Hawaii Corporation |
| **ATTORNEY(S)** (Firm Name, Address, Telephone No.) ENVER W. PAINTER, JR., ESQ. 2525 Attorney at Law 1188 Bishop Street, Suite 2505 Honolulu, Hawaii 96813 Telephone: (808) 537-9777 | **ATTORNEY(S)** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee ☐ Creditor ☑ Trustee ☐ Other | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee ☒ Creditor ☐ Trustee ☐ Other |

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Violation of Hawaii Business Corporations Act, HRS Chapter 414, Fraudulent Conveyance under HS 651C and 11 USC 548 and Lability of Transferee 11 USC 550

**NATURE OF SUIT**

(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)
Note: Only a complaint including an objection to discharge under 11 U.S.C. § 727 will defer the clerk's entry of the debtor's discharge in bankruptcy. A complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 does not affect the entry of a discharge with respect to other debts.

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11 – Recovery of money/property - § 542 turnover of property | ☐ 61 – Dischargeability - § 523(a)(5), domestic support |
| ☐ 12 – Recovery of money/property - § 547 preference | ☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury |
| ☑ 13 – Recovery of money/property - § 548 fraudulent transfer | ☐ 63 – Dischargeability - § 523(a)(8), student loan |
| ☐ 14 – Recovery of money/property – other | ☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | ☐ 65 – Dischargeability – other |
| ☐ 21 – Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71 – Injunctive relief – imposition of stay |
| ☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h) | ☐ 72 – Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) – Subordination of Claim or Interest** |
| ☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e) | ☐ 81- Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) – Declaratory Judgment** |
| ☐ 51 – Revocation of confirmation | ☐ 91 – Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) – Determination of Removed Action** |
| ☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims | ☐ 01 – Determination of removed claim or cause |
| ☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq. |
| (continued next column) | ☑ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand: $ 1,040,000 |

**Other Relief Sought:**

Pre and post judgement interest, cost and attorneys fees and such other relief as is just and equitable.

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 2   Filed  04/21/10   Page 8 of 9

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>MAUI INDUSTRIAL LOAN & FINANCE COMPANY, INC. ||  BANKRUPTCY CASE NO.<br>10-BK-00235 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Hawaii || DIVISION OFFICE | NAME OF JUDGE<br>Robert J. Faris |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Enver W. Painter, Jr. ||
| DATE<br>April 19, 2010 ||||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.