UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MAUI INDUSTRIAL LOAN &<br>FINANCE COMPANY, INC.<br><br>          Debtor.<br>_____<br><br>DANE S. FIELD,<br><br>          Plaintiff,<br><br>   vs.<br><br>RNI-NV LIMITED PARTNERSHIP, a<br>Nevada Limited Partnership, et al.,<br><br>          Defendants. | Case No.: 10-00235<br>(Chapter 7)<br><br><br><br>Adv. Pro. No.: 10-90069 |

## MEMORANDUM OF DECISION ON
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The trustee in bankruptcy for a company that admittedly operated a Ponzi scheme seeks to recover $1,040,000 that the company paid to a former shareholder. I conclude that the trustee may avoid the payments under the Hawaii Business Corporations Act and the Hawaii Uniform Fraudulent Transfer Act.

# FACTS

In 1999, defendant RNI-NV Limited Partnership ("RNI") paid $1,000,000 for 40 percent of the stock in Maui Industrial Loan & Finance Company ("Maui Industrial"). Dkt. no. 33, exs. 1, 19. Maui Industrial is a nondepository financial services loan company. Dkt. no. 33, ex. 19. Hawaii law required RNI to obtain approval from the Division of Financial Institutions before completing the stock purchase. Haw. Rev. Stat. § 412:3-612 (2008). RNI did not seek or obtain this approval. Dkt. no. 33, ex. 19.

In 2007, RNI desired to withdraw its investment in Maui Industrial. RNI and Maui Industrial entered into a stock repurchase agreement on October 8, 2007. Dkt. no. 33, exs. 3-5. Maui Industrial promised to pay RNI a total of $2,500,000 in installments for RNI's initial $1,000,000 investment. Maui Industrial paid $1,040,000 on the note, but eventually defaulted.

RNI sued Maui Industrial in state court to collect the remainder of the debt. The state court entered judgment in favor of RNI and against Maui Industrial on November 4, 2009. Dkt. no. 47, ex. 2.

Maui Industrial filed for bankruptcy on January 28, 2010. Plaintiff Dane S. Field was appointed trustee in the chapter 7 case.

The federal government indicted Maui Industrial's principal, Lloyd Kimura,

2

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 61   Filed 05/16/11   Page 2 of 11

alleging that he operated Maui Industrial as a Ponzi scheme at the expense of its creditors and investors. On January 5, 2011, Mr. Kimura pled guilty in federal court. In his plea agreement, Mr. Kimura admitted that he operated Maui Industrial as a Ponzi scheme starting in 1986. Dkt. no. 33, ex. 15.

The trustee commenced this adversary proceeding against RNI, seeking to avoid the transfer of the $1,040,000 paid to RNI on account of the stock repurchase agreement under the Hawaii Business Corporations Act (count 1), the Hawaii Uniform Fraudulent Transfer Act (count 2), and section 548 of the Bankruptcy Code (count 3), and to recover that amount from RNI as the initial transferee of these payments (count 4). The trustee seeks summary judgment as to counts 1, 2, and 4.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c), Fed. R. Bankr. P. 7056; see also Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 707 (9th Cir. 2008). In resolving a summary judgment motion, the court does not weigh evidence, but rather determines only whether a material factual dispute remains for trial. Covey v.

Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir. 1997). In making this determination, the court views the evidence in the light most favorable to the nonmoving party. McSherry v. City of Long Beach, 584 F.3d 1129, 1135 (9th Cir. 2009). All justifiable inferences are to be drawn in favor of the nonmoving party. Id.

## DISCUSSION

The trustee has the power to avoid "any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law . . . ." 11 U.S.C. § 544(b)(1) (2006). The trustee relies upon two underlying state law claims: the Hawaii Business Corporations Act, Haw. Rev. Stat. ch. 414 (2008), and the Hawaii Uniform Fraudulent Transfer Act, Haw. Rev. Stat. ch. 651C (2007).

### Count I: Violation of the Hawaii Business Corporations Act

The Hawaii Business Corporations Act prohibits a corporation from making distributions to shareholders if it would be insolvent after the transaction was completed:

No distribution may be made if, after giving it effect:

(1) The corporation would not be able to pay its debts as they become due in the usual course of business; or

4

> (2) The corporation's total assets would be less than the sum of its total liabilities plus (unless the articles of incorporation permit otherwise) the amount that would be needed, if the corporation were to be dissolved at the time of the distribution, to satisfy the preferential rights upon dissolution of shareholders whose preferential rights are superior to those receiving the distribution.

Haw. Rev. Stat. § 414-111(c). To establish a violation of section 414-111(c), the trustee must show that (1) a "distribution" was made and (2) the corporation was insolvent after the distribution. Both elements are satisfied in this case.

First, a "distribution" is

> A direct or indirect transfer of money or other property (except its own shares) or incurrence of indebtedness by a corporation to or for the benefit of its shareholders in respect of any of its shares. A distribution may be in the form of a declaration or payment of a dividend; a purchase, redemption, or other form of acquisition of shares; a distribution of indebtedness; or otherwise.

Haw. Rev. Stat. § 414-3. Maui Industrial's issuance of the promissory note and payments on the note were "distributions." The "stock repurchase agreement" states that, "[Maui Industrial] agrees to purchase and RNI agrees to sell all of the [RNI stock in Maui Industrial] . . . ." Dkt. no. 33, ex. 3. This sale constitutes a "purchase, redemption, or other form of acquisition of shares."

Second, RNI does not dispute that Maui Industrial was insolvent when the transfers were made. See Donell v. Kowell, 533 F.3d 762, 770 (9th Cir. 2008)

5

("Proof that transfers were made pursuant to a Ponzi scheme generally establishes that the scheme operator" was insolvent).

Because the trustee has established both elements under section 414-111(c), the trustee can avoid Maui Industrial's payments to RNI under section 544(b) of the Bankruptcy Code.  See Lippi v. City Bank, 955 F.2d 599, 608 (9th Cir. 1992) (citing McConnell v. Estate of Butler, 402 F.2d 362 (9th Cir. 1968)).

RNI attempts to avoid liability by arguing that it was never really a stockholder and that the transfers therefore did not constitute a distribution on account of stock.  RNI contends that Maui Industrial, as a Ponzi scheme operator, could not have validly issued stock to RNI in the first instance.  This left RNI with a restitution claim for the original $1,000,000 contribution to Maui Industrial.  Therefore, RNI argues that it got payments on a creditor claim, not an account of stock.  I conclude that RNI's restitution claim is not warranted for several reasons.

First, RNI's position in this case is inconsistent with prior claims in its state court action. Dkt. no. 33, ex. 14.  In its motion for summary judgment in the state court proceeding, RNI sought to enforce the redemption agreement, promissory note and related documents.  Dkt. no. 33, ex. 14.  Because RNI litigated the issue of whether Maui Industrial's stock repurchase agreement was enforceable and

6

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 61   Filed 05/16/11   Page 6 of 11

prevailed on that issue, it cannot now claim that the transaction is void. Exotics Hawaii-Kona, Inc. v. E.I. Dupont De Nemours & Co., 104 Haw. 358, 371, 90 P.3d 250, 263 (2004).

Second, granting RNI a restitution claim would unjustly give RNI greater rights than it bargained for. RNI's restitution claim, if granted, would put RNI on a par with Maui Industrial's unsecured creditors, even though RNI agreed to buy stock, which is subordinate to creditor claims. Allowing RNI to elevate its rights to equal status with unsecured creditors would be unfair to Maui Industrial's other creditors. See Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 503, 100 P.3d 60, 73 (2004) (recognizing that restitution is equitable in nature, guided by the underlying goal of preventing injustice).

Third, a party that has engaged in wrongful conduct in connection with the transaction is not entitled to restitution. Hiraga v. Baldonado, 96 Hawai'i 365, 370, 31 P.3d 222, 227 (App. 2001); see also Restatement (First) of Restitution § 140 (1937). If RNI's stock purchase was invalid, it is at least partly RNI's fault. Because Maui Industrial is a nondepository financial services loan company, RNI (not Maui Industrial) was required to obtain regulatory approval before acquiring shares of Maui Industrial. See Haw. Rev. Stat. § 412:3-612(a); Dkt. no. 33, ex.

7

19.[1]  RNI should not benefit from its own violation of the statute.

Fourth, restitution is not available when an award would interfere with public policy.  See Restatement (Second) of Contracts § 197 (1981), Restatement (First) of Restitution § 62 (1937).  To protect depositors, beneficiaries, creditors and the general public, Hawaii law provides that one cannot buy more than 25% of the stock in a nondepository financial services loan company without prior regulatory approval.  Haw. Rev. Stat. §§ 412:3-612(a), (e).  For the same purpose, Hawaii law prohibits such a company from issuing promissory notes to the public (other than to a limited number of financial institutions and institutional lenders).  Haw. Rev. Stat. § 412:9-500.  Finally, in order to protect creditors, Hawaii law forbids insolvent corporations from making distributions to stockholders.  Haw. Rev. Stat. § 414-111(c).  Granting RNI a restitution claim would condone RNI's and Maui Industrial's multiple statutory violations and would harm Maui Industrial's creditors, who are among the parties that those statutes are meant to protect.

The trustee is entitled to avoid the stock repurchase agreement, the promissory note, and the payments to RNI under Haw. Rev. Stat. § 414-111(c).

---

[1] RNI attempts to blame the regulators for failing to detect Maui Industrial's fraud sooner.  This argument is equally without merit.

8

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 61   Filed  05/16/11   Page 8 of 11

## Count II: Violation of the Hawaii Uniform Fraudulent Transfer Act

The trustee can avoid any transfer which Maui Industrial made "with actual intent to hinder, delay, or defraud any creditor of the debtor . . . ." Haw. Rev. Stat. § 651C-4(a). A fraudulent transfer claim under this section must be brought within four years after the transfer was made or, if later, within one year after the transfer could reasonably have been discovered. Haw. Rev. Stat. § 651C-9(1).

There is no dispute as to any of the requisite elements. RNI does not challenge the trustee's evidence that Maui Industrial made transfers to RNI, that the transfers occurred within the four year reach-back period under section 651C-9(1), or that Maui Industrial had the intent to hinder, delay, or defraud its creditors. In re Slatkin, 525 F.3d 805, 814 (9th Cir. 2008) ("[A] debtor's admission, through guilty pleas and a plea agreement admissible under the Federal Rules of Evidence, that he operated a Ponzi scheme with the actual intent to defraud his creditors conclusively establishes the debtor's fraudulent intent under [section 548(a)(1)(A) and California's UFTA], and precludes relitigation of that issue.").

The trustee may not recover the avoided transfer to the extent that RNI took the transfers (1) in good faith and (2) for a reasonably equivalent value. Haw.

9

Rev. Stat. § 651C-8(a). RNI bears the burden of establishing both of these elements. In re Cohen, 199 B.R. 709, 718 (B.A.P. 9th Cir. 1996); Uniform Fraudulent Transfer Act § 8(a), comment 1 ("The person who invokes this defense carries the burden of establishing good faith and the reasonable equivalence of the consideration exchanged.") (emphasis added). RNI has not met this burden.

The parties focus their arguments on the second element, equivalent value. RNI, relying on In re AFI Holding, 525 F.3d 700 (9th Cir. 2008), argues that its restitution claim, arising out of the void agreement, is equivalent value for the purposes of its good faith defense. The trustee argues that RNI does not possess a restitution claim and, even if it did, that claim would be subordinated under 11 U.S.C. § 510(b) and, thus, not equivalent value.

As noted above, RNI does not have a valid restitution claim.

Further, RNI has not established it took the transfers in good faith. Good faith is indispensable for RNI, as transferee, to assert a defense under Haw. Rev. Stat. § 651C-8. Hayes v. Palm Seedlings Partners (In re Agricultural Research & Tech. Group, Inc.), 916 F.2d 528, 535 (9th Cir. 1990). RNI offers no evidence that it took the transfers in good faith.

10

U.S. Bankruptcy Court - Hawaii   #10-90069   Dkt # 61   Filed 05/16/11   Page 10 of 11

## Count IV: Transferee Liability

The trustee seeks to recover the avoidable transfers from RNI pursuant to 11 U.S.C. § 550. This section provides that: "to the extent that a transfer is avoided under section 544 . . ., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from . . . the initial transferee of such transfer[.]" 11 U.S.C. § 550. RNI does not dispute that it is the initial, and only, transferee of the $1,040,000 from Maui Industrial. The Trustee is also entitled to summary judgment as to this count.

## Prejudgment Interest

This court has the authority to award prejudgment interest under federal law. In re Slatkin, 525 F.3d at 820. The trustee should recover pre-judgment interest at the Hawaii rate of 10 percent per annum from the date on which the transfers were made. Haw. Rev. Stat. § 636-16; Donell, 533 F.3d at 772; Eastman v. McGowan, 86 Hawai'i 21, 28, 946 P.2d 1317, 1324 (1997).

\* \* \*

For these reasons, the Trustee's motion for summary judgment as to counts 1, 2, and 4 is granted.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 05/16/2011